No. 13-0217 – *Hurlbert and Sage Information Services v. Matkovich and Robinson*

LOUGHRY, Justice, concurring:

While I concur with the result reached by the majority in this case, I write separately to invite the Legislature to take a serious look at our FOIA[1] (the "Act") and to clarify whether the reach of our Act was intended to be limited to this state's citizenry. The majority casually dismissed the argument raised by the State Tax Department that FOIA requests submitted by non-residents fall outside the scope of our Act. Rather than hastily concluding in a footnote that the Legislature's use of the term "person" and the accompanying broad definition of that term necessarily put this issue to rest, the majority should have considered whether any *other* provisions of the Act address the intended reach of our FOIA legislation.

Looking to the declaration of policy included as part of our Act, I submit that the Legislature framed its objective underlying the enactment of our FOIA laws in terms that suggest its concern was limited to providing access to public records to the citizens of this state. After recognizing that the Act is premised on a recognition "that government is the servant of the people, and not the master of them," the Legislature expanded its concerns by

---

[1]*See* W.Va. Code §§ 29B-1-1 to -7 (2012).

1

announcing:

> that all persons are, unless otherwise expressly provided by law, entitled to full and complete information *regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority*, *do not give their public servants* the right to decide what is good for the people to know and what is not good for them to know. *The people insist on remaining informed so that they may retain control over the instruments of government they have created.* To that end, the provisions of this article shall be liberally construed *with the view of carrying out the above declaration of policy.*

W.Va. Code § 29B-1-1 (2012) (emphasis supplied).

Even a cursory reading of the underscored language above demonstrates that the Legislature enacted our FOIA laws with the aim of benefitting West Virginia citizens. Given that non-residents do not participate in the elections of our state office holders and consequently cannot delegate authority to those state office holders, it is evident, or at least implicit, that non-residents were not included within the Act's declared statement of policy. And, because the Legislature was clear that the Act's provisions were to be effectuated in accord with this policy statement, it is arguable that the majority has overlooked a critical argument raised by the State Tax Department regarding the intended recipients of our FOIA.

The majority's dismissal of this issue based entirely on the legislative employment of the term "person" rather than "citizen" in describing the entities who may

2

submit a FOIA request overly simplifies the necessary inquiry. *See* W.Va. Code § 29B-1-3(1). Virginia's FOIA act, which expressly limits FOIA requests to its residents, was recently upheld by the United States Supreme Court in a rare, unanimous decision. *See McBurney v. Young*, __ U.S. __, 133 S.Ct. 1709 (2013). The only language in Virginia's FOIA that addresses who the provisions of the legislation are aimed at is contained within its statement of policy. *See* Va. Code Ann. § 2.2-3700. (2011). While that policy statement includes an overt rather than implied reference to its citizens,[2] the Virginia policy otherwise echoes the concerns addressed in our Act. The Virginia Act declares that "[t]he affairs of government are not intended to be conducted in an atmosphere of secrecy since at all times the public is to be the beneficiary of any action taken at any level of government." *Id.* In analyzing the constitutionality of the Virginia statute, the high court approvingly describes the objective at issue in limiting the reach of its FOIA provisions to its residents:

> The state [Virginia] FOIA essentially represents a mechanism by which those who ultimately hold sovereign power (*i.e.*, the citizens of the Commonwealth) may obtain an accounting from the public officials to whom they delegate the exercise of that power. In addition, the provision limiting the use of the state FOIA to Virginia citizens recognizes that Virginia taxpayers foot the bill for the fixed costs underlying recordkeeping in the Commonwealth.

---

[2]The Virginia FOIA act begins its policy statement by observing that "the General Assembly ensures *the people of the Commonwealth* ready access to public records in the custody of a public body or its officers and employees . . . ." Va. Code Ann. § 2.2-3700. (emphasis supplied). The term "citizen" is used within the policy statement not with reference to providing access to documents but in terms of providing Virginia citizens with access to governmental operations or meetings. *See id.*

*McBurney*, __ U.S. at __, 133 S.Ct. at 1716 (citation omitted).

Because I have serious concerns with regard to the potential release of highly personal and identifying information about the homeowners' dwellings that are the subject of the underlying FOIA request submitted by a non-resident in this case, I encourage the Legislature to act with alacrity in revisiting the subject of the intended reach of our Act. Numerous other states besides Virginia have enacted their FOIA laws in a manner that excludes document requests from non-residents. *See, e.g.,* Ala. Code § 36-12-40 (2012 Cum. Supp.); Ark. Code Ann. § 25-19-105 (2011 Supp.); Del. Code Ann., Tit. 29, § 10003 (2012 Supp.); Mo. Rev. Stat. § 109.180 (2012); N.H. Rev. Stat. Ann. § 91-A:4 (West 2012); N.J. Stat. Ann. § 47:1A-1 (West 2003); Tenn. Code Ann. § 10-7-503 (2012). If, as the declaration of policy to our Act indicates, the Legislature's objective was to limit FOIA requests under our Act to the people of this state, language clarifying that objective can easily be included to achieve that effect. *See* W.Va. Code § 29B-1-1.

While the preparation of a Vaughan index may resolve some of the concerns raised in this case , I am nonetheless troubled by the fact that an out-of-state entity is seeking access to voluminous housing records of West Virginia citizens for admittedly commercial purposes. Given the highly sensitive and extremely personal information contained in those documents, all necessary efforts need to be taken to protect against either misuse or wrongful disclosure of that information. And, while I do not question the value of providing access to public records in the interest of promoting transparency and accountability, it is far from

4

clear how the provision of the requested records can serve to meet any such interests. Or that a non-resident of this state has any expectation or entitlement to them. Accordingly, I respectfully concur.